Case No. 5:19-cv-08135-EJD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT BROWER, SR., et al.,

*Appellants,*

*v.*

MUFG UNION BANK, N.A.,

*Respondent.*

On Appeal from the U.S. Bankruptcy Court

The Honorable Elaine Hammond, Judge Presiding

(Adversary Case No. 17-05044)

**APPELLANT'S OPENING BRIEF**

STEPHAN A. BARBER (SBN 70070)
JRG ATTORNEYS AT LAW
318 Cayuga Street
Salinas, CA 93901
Telephone: (831) 754-2444
Facsimile: (831) 269-7089

*Attorneys for Appellants, ROBERT BROWER, SR.; COASTAL CYPRESS
CORPORATION (California and Delaware); WILFRED "BUTCH" LINDLEY;
PATRICIA BROWER; PATRICIA BROWER TRUST; AMERICAN
COMMERCIAL PROPERTIES, INC.; RICHARD BABCOCK; and ANTHONY NOBLES*

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

There are no interested entities or persons to list in this Certificate. (Cal. Rules of Court, rule 8.208(e)(3)).

Dated:  March 27, 2020

_____

Stephan A. Barber

## TABLE OF CONTENTS

INTRODUCTION ................................................................ 8

ISSUES ON APPEAL .......................................................... 8

FACTUAL BACKGROUND ................................................. 9

    A.    Shares in Coastal Cypress ....................................... 9

    B.    The APC Stock is Separate Property of Patty ................... 9

    C.    The Refinance of Coastal California to Coastal Delaware
        is Not Subject to 11 U.S.C. § 549 .................................. 10

    D.    Plaintiff's Claims are Wholly Time Barred by the Applicable
        Statute of Limitations as to Both its Claims Regarding
        Patty and Lindley.................................................. 10

STATEMENT OF FACTS.................................................. 10

    A.    Lindley Provided Valuable Services in Exchange for his Shares
        Sufficient to Satisfy the Requirements of California
        Corporation Code § 409 ............................................ 10

    B.    ACP Became Patty's Separate Property in 2000, and Plaintiff
        Was Aware of This Fact as Early as 2012 ....................... 12

LEGAL ARGUMENT ...................................................... 12

    Preface Regarding Summary Judgment Evidence ..................... 12

    ISSUE I:        LINDLEY'S OWNERSHIP OF COASTAL SHARES IS
                  VALID UNDER CALIFORNIA CORPORATIONS
                  CODE § 409 ........................................................ 13

            A.    The Share Certificates are Valid Under Delaware
                And California Law.............................................. 14

            B.    The Share Certificates Are Valid Under California Law
                Because Money or Services Were Rendered ...................... 14

            C.    Lindley/Chualar Canyon Ranch Supply is a Bona
                Fide Purchaser of Stock.......................................... 15

    ISSUE II:      PATTY OWNS ACP AS HER SEPARATE PROPERTY ..17

ISSUE III:   THE THIRD CAUSE OF ACTION IS DERIVATIVE OF
CLAIMS ONE AND TWO, SO IT MUST
LIKEWISE BE DENIED ....................................................... 19

ISSUE IV:   THE STATUTE OF LIMITATIONS HAS LONG
SINCE EXPIRED ................................................................. 20

CONCLUSION    ................................................................................. 25

# TABLE OF AUTHORITIES

*Burge v. Midway Pacific Oil Co.*
        99 Cal. App. 714, 717 (1929) ........................................................................ 16

*Cortelyou v. Imperial Land Co.*
        (1909) 156 Cal. 373, 376 ............................................................................. 16

*Estate of Bibb*
        (2001) 87 Cal.App.4th 461 .......................................................................... 12

*Estate of Petersen*
        (1994) 28 Cal.App.4th 1742 ........................................................................ 12

*Haft v. Dart Group Corp.*
        841 F. Supp. 549, 1993 U.S. Dist. LEXIS 18846 (D. Del. 1993) ............... 19

*High Tech Gays v. Defense Indus. Sec. Clearance Office*
        895 F.2d 563, 574 (9th Cir.1990) ................................................................ 13

*Hironymous v. Hiatt*
        (1921) 52 Cal.App. 727, 736 ....................................................................... 23

*In re Blasingame*
        598 B.R. 864 (BAP 6th Cir. 2019) ........................................................ 20, 21

*In re Marriage of Bonds*
        (2000) 24 Cal.4th 1, 24 ............................................................................... 18

*In re Marriage of Hill & Dittmer*
        (2011) 202 Cal.App.4th 1046, 1053 ........................................................... 18

*In re Marriage of Valli*
        (2014) 58 Cal.4th 1396, 1399-1400 ........................................................... 18

*In re Reuter*
        499 B.R. 655, 667-68 (Bankr. W.D. Mo 2012) ............................... 20, 21, 22

*Leslie v. Grupo ICA*
        198 F.3d 1152, 1158 (9th Cir.1999) ..................................................... 13, 14

*Michaels v. Pacific Soft Water Laundry*
    (1930) 104 Cal.App. 349, 358-359............................................................. 16

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*
    (2000) 210 F.3d 1099 ................................................................................ 13

*Norgart v. Upjohn Co.*
    (1999) 21 Cal. 4th 383, 397, 981 P.2d 79, 88. ........................................ 24

*Ogden v. Bumble Bee Foods, LLC*
    2014 U.S. Dist. LEXIS 565, at *18-19.) (N.D. Cal. Jan. 2, 2014)............. 13

*Raichart v. Phillips*
    (1953) 120 Cal. App. 2d 645, 647, 261 P.2d 777, 7781099................. 20, 22

*Reynolds v. Reynolds*
    (1960) 54 Cal.2d 669, 679 ......................................................................... 20

*Robertson v. Superior Court*
    (2001) 90 Cal.App.4th 1319, 1326............................................................. 23

*Rosas v. BASF Corp.*
    (2015) 236 Cal.App.4th 1378, 1389-1390 ................................................. 24

*Shammas v. Boyett*
    (1952) 114 Cal.App.2d 139, 144-1451099.......................................... 21, 22

*Shanik v. White Sewing Machine Corp.*
    25 Del. Ch. 371, 19 A.2d 831 (Del. 1941) ................................................. 15

*Sipe v. W. I. Hollingsworth & Co.*
    (1950) 99 Cal.App.2d 391, 3921099...................................................... 21, 22

*Somps v. Somps*
    (1967) 250 Cal. App. 2d 328 ..................................................................... 18

*Stegall v. Citadel Broad. Co.*
    350 F.3d 1061, 1065 (9th Cir. 2003).......................................................... 13

*Town of Orangetown v. Gorsuch*
    718 F.2d 29 (2nd Cir. 1983) 1099 .............................................................. 13

*Walters v. Boosinger*
       (2016) 2 Cal.App.5th 421, 429-30 ............................................................. 20

## **Statutes**

California Code of Civil Procedure § 338(a) ......................................... 9, 10, 17, 22

California Corporations Code § 409 .................................... 8,  10, 14, 15, 16, 17, 20

11 U.S.C. § 542    ............................................................................................ 21

11 U.S.C. § 549    ................................................................................... 8, 10, 15

California Family Code § 850 .................................................................... 10, 18

California Family Code § 852 .......................................................................... 18

FRCP § 56(a)    ................................................................................................ 12

Federal Bankruptcy Procedure Rule 7056 ............................................................ 12

8 Del. C. § 152    ............................................................................................ 15

## <u>INTRODUCTION</u>

COME NOW, Defendant-Appellants, Robert Brower, Sr. ("Brower"), Coastal Cypress Corporation (California and Delaware referred to collectively as "Coastal"), Wilford "Butch" Lindley ("Lindley"), Patricia Brower and the Patricia Brower Trust (collectively "Patty"), America Commercial Properties, Inc. ("ACP") (collectively referred to as "Defendants"), and file this their Brief in Support of their Appeal of the Bankruptcy Court's Order Granting in Part and Denying in Part Plaintiff,  MUFG Union Bank N.A.'s, Motion for Summary Judgment [Doc. #125] and associated Memorandum of Decision [Doc. #123] entered on November 20, 2019.

Defendants timely filed their Notice of Appeal and Statement of Election on December 4, 2019 [Doc. # 126].

## <u>ISSUES ON APPEAL</u>

Whether the Bankruptcy Court erred in finding that with regard to the Plaintiff's First Claim, the Coastal shares of Lindley are void for lack of consideration, pursuant to California Corporation Code § 409.

Whether the Bankruptcy Court erred in finding that with regard to the Plaintiff's Second Claim, the Debtor owns 100% of ACP's shares as either his separate or community property.

Whether the Bankruptcy Court erred in finding that with regard to the Plaintiff's Third Claim, the merger of Coastal into Coastal DE is avoided pursuant to 11 U.S.C. § 549 as an unauthorized transfer of Debtor's assets without court authorization.

Whether the Bankruptcy Court erred in finding that Plaintiff's claims were not time-barred by California Civil Procedure Code § 338(a), which provides a three-year statute of limitations for bringing "an action upon a liability created by statute, other than a penalty or forfeiture."

Whether the Bankruptcy Court erred in resolving disputed issues of fact and disputed issues of credibility at the summary judgment phase and thereby failing to construe evidence and all reasonable inferences in the light most favorable to the non-moving parties.

## FACTURAL BACKGROUND

### A.   Shares in Coastal Cypress

Plaintiff contends—without any evidence—that Coastal's issuance of stock to Wilford "Butch" Lindley is void for lack of consideration.  This argument fails.  Lindley and Chualar Canyon Ranch Supply ("CCRS") performed services for Coastal and Chateau Julien in the 1980's, which is sufficient consideration for the granting of stock.  For example, Lindley had extensive relationships in the wine industry in the local region and he knows of other wineries that were selling excess equipment that was needed by Chateau Julien ("CJ"), Great American Wineries ("GAW"), and Coastal.

### B.   The APC Stock is Separate Property of Patty

Plaintiff contends that the APC stock is 100% owned by Brower as separate or community property.  This argument fails.  Brower transferred his entire interest in ACP to Patty in 2000, rendering it her separate property.  The transaction was a proper

transmutation under California Family Code § 850 et seq. There is no basis to unwind the transaction from 2000.

**C.** **The Refinance of Coastal California To Coastal Delaware Is Not Subject to 11 U.S.C. § 549.**

Plaintiff contends that Brower's filing for bankruptcy impedes the refinance of the Coastal shares, but this is contingent on the shares of Lindley, Babcock and Noble being declared invalid, which they are not. Plaintiff's third cause of action must fail because it is derivative of the Plaintiff's first two claims.

**D.** **Plaintiff's Claims Are Wholly Time Barred by the Applicable Statute of Limitations as to Both its Claims Regarding Patty and Lindley**

Moreover, as to all of Plaintiff's claims, Defendants, Patty and Lindley, maintain that the claims are barred by the applicable California statute of limitations: California Code of Civil Procedure § 338(a).

## STATEMENT OF FACTS

**A.** **Lindley Provided Valuable Services In Exchange For His Shares Sufficient To Satisfy The Requirements Of California Corporation Code § 409.**

Brower formed Coastal in California in 1982. At all times, he was the President of Coastal. In 1987, Coastal issued 355,000 shares to Chualar Canyon Ranch Supply, a sole proprietorship of Lindley. (Lindley Declaration, at ¶ 2). Those shares are memorialized in a December 12, 1987 Coastal Stock Certificate. Lindley did not pay cash for his shares. *Id.* at ¶ 3. Rather, he provided certain goods and services—such as certain portions of the grape crops from his grape-growing operation, and the provision of his

services to assist Coastal and CJ in its efforts to lease land, grow grapes, and produce wine. *Id.*; *see also* (Brower July Declaration, at ¶ 2).

For example, Mr. Lindley had extensive relationships in the wine industry in the local region and he know of other wineries that were selling excess equipment that was needed by CJ, GAW, and Coastal. (Lindley Declaration, at ¶ 3). Lindley also had the required connections to have this equipment installed. *Id.* This equipment included processing tanks and other processing equipment. *Id.* Coastal Cypress owned much of this equipment. *See id.* (describing list of equipment owned by Coastal and provided by Lindley). Because of Coastal's capacity increase, Coastal could charge higher rents to its two tenants (CJ—the licensing entity and GAW—the winery). Coastal's ability to charge higher rents, in turn, was due to Mr. Lindley's services on behalf of Coastal, prior to receiving his shares of stock. (Brower Supplemental Declaration, at ¶ 9-10); *see generally* (Lindley Declaration, at ¶ 3-4).

Finally, it is critical to note that the Browers moved out to the Central Coast in 1982 from New Jersey. (Brower Supplemental Declaration, at ¶ 11). They were newcomers to the area and the wine industry. *Id.* At that time, Lindley was well known in the agricultural and wine industry in the Central Coast (and beyond), and his affiliation with the global entity, including Coastal Cypress, brought instant credibility to the operations. This all was a significant benefit to Coastal Cypress. *Id.*

**B.** **ACP Became Patty's Separate Property In 2000, And Plaintiff Was Aware Of This Fact As Early As 2012.**

Brower formed American Commercial Properties in 1983, using money that he had saved prior to his marriage with Patty Brower.  (Brower July Declaration, at ¶ 11); Brower Supplemental Declaration, at ¶ 5).  Under California law and pursuant to the property agreement with Patty Brower, ACP was Mr. Brower's sole and separate property.  On November 8, 2000, Mr. Brower transferred my entire interest in ACP to Patty Brower as her sole and separate property, on the occasion of their anniversary. (Brower July Declaration, at ¶ 11.)  After the transfer, Mr. Brower retained zero ownership interest.  The transfer was memorialized by: (i) a transfer of stock certificate, (ii) a notation in the ACP stock register, and (iii) a personal note and card from Mr. Brower to Mrs. Brower on November 8, 2000. (Brower July Declaration, ¶ 11.)

Finally, Plaintiff has known since at least 2012 that Patty Brower was the owner of 100% of ACP stock.  (Supplemental Brower Declaration, at 3.)  In 2015, when Mrs. Brower created the Patricia Brower Trust, she transferred ownership of ACP into the Trust.

## LEGAL ARGUMENT

### Preface Regarding Summary Judgment Evidence

The party moving for summary judgment must persuade the court that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. Civ. Proc. Rule 56(a); Fed. Bank. Proc. Rule 7056. "A moving party without the ultimate burden of persuasion at trial-usually, but not always, a [moving

party] has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (2000).

"In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102 (citing *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir.1990)). "In order to carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102.

At the summary judgment stage, the Court must view the evidence in the light most favorable to the nonmoving party and "all reasonable inferences that may be drawn from the facts placed before the court must be drawn" in favor of the opposing party. *Stegall v. Citadel Broad. Co.*, 350 F.3d 1061, 1065 (9th Cir. 2003). If evidence produced by the moving party conflicts with evidence produced by the nonmoving party, a court must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir.1999); *see also Ogden v. Bumble Bee Foods, LLC*, 2014 U.S. Dist. LEXIS 565, at *18-19.) (N.D. Cal. Jan. 2, 2014). The Ninth Circuit "specifically rejected the notion that a court could disregard direct evidence on the ground that no reasonable jury would believe it," because such a

rule would contradict the clear instruction that a court may not weigh the evidence or assess its credibility." *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158.

The Bankruptcy Court found that material issues of fact precluded summary judgment with respect to Coastal shares owned by Patty and Defendant Anthony Noble. Interestingly however, the evidence provided in support of the defenses raised by Patty and Mr. Noble is the very same evidence contained herein in support of the defenses raised by Lindley for his Coastal shares and by Patty regarding her ownership of APC as separate property. The Bankruptcy Court did—with respect to the evidence of Patty and Mr. Noble's ownership of Coastal shares—assume the truth of the competing evidence produced by Defendants, but failed to do so with respect to the evidence regarding the Coastal shares owned by Lindley and with respect to the evidence regarding Patty's ownership of APC as separate property. The Bankruptcy Court's rulings are therefore internally inconsistent because the Court improperly made factual findings in favor of Plaintiff as to some parts of the Motion but then applied the proper standard in denying other parts of the Motion.

## ISSUE I: LINDLEY'S OWNERSHIP OF COASTAL SHARES

## IS VALID UNDER CALIFORNIA CORPORATIONS CODE § 409

The Bankruptcy Court's ruling, insofar as it sets aside the Coastal shares of Chualar Canyon Ranch Supply, by declaring them void under California Corporations Code § 409, must be reversed.

A.      **The Share Certificates are Valid Under Delaware and California Law.**

Under Delaware law, "the board of directors may authorize capital stock to be issued for consideration consisting of cash, any tangible or intangible property or any benefit to the corporation, or any combination thereof." 8 Del. C. § 152. "In the absence of actual fraud in the transaction, the judgment of the directors as to the value of such consideration shall be conclusive." *Id.* One asserting the defense of lack of consideration bears the burden of proving that defense. *Haft v. Dart Group Corp.*, 841 F. Supp. 549, 1993 U.S. Dist. LEXIS 18846 (D. Del. 1993).

In this case, each Defendant surrendered their old shares of Coastal California stock for the new shares of Coastal Delaware stock. This is sufficient consideration. *Shanik v. White Sewing Machine Corp.*, 25 Del. Ch. 371, 19 A.2d 831 (Del. 1941). Further, the services rendered by Lindley ultimately accrued to the benefit of Coastal California (and thus Coastal Delaware by merger). This is all that is required, since consideration can be "any benefit to the corporation." 8 Del. C. § 152.

B.      **The Share Certificates Are Valid Under California Law Because Money or Services Were Rendered.**

Under California law, a corporation may issue shares for "money paid; labor done; services actually rendered to the corporation or for its benefit or in its formation or reorganization; debts or securities canceled; and tangible or intangible property actually received either by the issuing corporation or by a wholly owned subsidiary." California Corporations Code, § 409.

In this case, Lindley provided services of benefit to Coastal California back in the 1980's.  (Lindley Declaration, at ¶ 3);  *see also* (Brower July Declaration, at ¶ 2).  This is sufficient to justify issuance of shares.  *See Ellsworth v. National Home & Town Builders* (1917) 33 Cal. App. 1, 2 (corporate stock issued in consideration of valuable services rendered and labor performed for corporation is not issued without consideration);  *see also Burge v. Midway Pacific Oil Co.*, 99 Cal. App. 714, 717 (1929) ("if there is some consideration emanating from a legitimate transaction, one not tainted with fraud, and intended to redound to the benefit of the corporation, the constitutional and statutory requirements for the issue of corporate bonds, in so far as the corporation or its stockholders are concerned, are satisfied").

## C.    Lindley/Chualar Canyon Ranch Supply is a Bona Fide Purchaser of Stock.

Even if the Court were to find insufficient consideration - because the money did not initially flow into Coastal - the Defendants are still the rightful stockholders.  Under longstanding California law, even if stock is issued in a manner inconsistent with Corporations Code § 409, a bona fide (or "innocent") purchaser is still considered a rightful stockholder.  *See Cortelyou v. Imperial Land Co.* (1909) 156 Cal. 373,376; *Michaels v. Pacific Soft Water Laundry* (1930) 104 Cal.App. 349, 358-359.  In the present case, it is undisputed that Nobles and Babcock paid $250,000 for their shares in Coastal stock, and Lindley performed services for the benefit of Coastal.  Regardless of whether Coastal complied with Corporations Code § 409, that is no reason to deprive innocent purchasers of their shares.

There is clear evidence in the record that Lindley paid for his shares of Coastal stock by providing valid consideration to Coastal.  Plaintiff cannot be entitled to summary judgment on this issue because the Defendants presented sufficient evidence to create a triable of issue of fact.  As a matter of law, the Bankruptcy Court's Order is erroneous, contrary to the applicable standard for granting motions for summary judgment, and must be reversed.

Notwithstanding the foregoing, Plaintiff's claims are all time-barred as to Lindley as well.  Lindley acquired his interest in Coastal in 1987, and Plaintiff knew, or should have known, of Lindley's acquisition of Coastal shares.  As such, because Plaintiff's claims are based on enforcement of California Corporations Code § 409, its claims are barred by the applicable statute of limitations set forth in California Code of Civil Procedure §338 (a).

### ISSUE II: PATTY OWNS ACP AS HER SEPARATE PROPERTY

The Bankruptcy Court found that Brower, the Debtor, owns 100% of the ACP shares as his separate property.  There is no evidence in the record to support this finding. The undisputed facts in the record establish that Patty Brower first received her shares in the 1980's and her separate property interest in ACP in 2000.  Moreover, the evidence in the record reflects that Plaintiff knew of Patty's ownership in 2012.

The Browers' 1980 premarital agreement, stipulating that all property would be separate property, must be enforced.  Courts have routinely noted that "parties contemplating marriage may validly contract as to their property rights, both as to property then owned and as to property and earnings that may be acquired during the

marriage. *In re Marriage of Hill & Dittmer* (2011) 202 Cal.App.4th 1046, 1053.  As the

*Hill & Dittmer* case noted, "it is evident that the Uniform Premarital Agreement Act was

intended to enhance the enforceability of premarital agreements." *Id.*  In California, a

party challenging the voluntariness of a premarital agreement under Family Code section

1615 bears the burden of proof.  *In re Marriage of Bonds* (2000) 24 Cal.4th 1, 24.

Because there is no evidence showing that the marital agreement was not entered into

voluntarily, it must be applied in this case.

Under California law, if a spouse uses separate property to later purchase

additional property, this new property remains separate property.  *See, e.g., In re

Marriage of Valli* (2014) 58 Cal.4th 1396, 1399-1400; *Somps v. Somps* (1967) 250 Cal.

App. 2d 328; In re Estate of Clark (1928), 94 Cal. App. 453.

As to the ownership of ACP, Robert and Patty Brower fulfilled all statutory

requirements to transfer the ACP ownership from Brower to Patty.  Pursuant to California

Family Code § 850, "married persons may by agreement or transfer, with or without

consideration," transmute community property to separate property of one spouse or

transmute separate property of one spouse to separate property of the other spouse.

California Family Code § 852 further provides that "a transmutation of real or personal

property is not valid unless made in writing by an express declaration that is made, joined

in, consented to, or accepted by the spouse whose interest in the property is adversely

affected."

In this case, the transmutation of ACP shares from Brower to Patty, as her separate

property, was evidenced by; (i) a gift card that reads "ACP is now yours", (ii) a signed

note that includes the statement; "I am proud to give you all my interest" in ACP, and (iii) a stock transfer that reflects that Robert Brower was gifting his entire interest to Patty Brower.  (Brower July Declaration, at ¶ 11);  *see also* (Brower February Declaration, at ¶ 2).  This is all that is required for an effective transmutation. *See, e.g., Estate of Petersen* (1994) 28 Cal.App.4th 1742 (a transmutation requires language that expressly states the character or ownership of the spouse's interest is being changed); *Estate of Bibb* (2001) 87 Cal.App.4th 461 (a clear and unambiguous expression of intent to transfer the real property is sufficient).

In actuality, the Bankruptcy Court should have found that Patty owns her shares as separate property as a matter of law.  It was improper to ignore the facts in the record and grant summary judgment to Plaintiff on this issue.  The Bankruptcy Court committed error, because, at a minimum, there are disputed facts in the record as to whether Brower or Patty owns the ACP shares as their separate property.

## ISSUE III: THE THIRD CAUSE OF ACTION IS DERIVATIVE OF CLAIMS ONE AND TWO, SO IT MUST LIKEWISE BE DENIED

For the reasons set forth above, Plaintiff's third cause of action must fail because it is derivative of the Plaintiff's first two claims. Moreover, Plaintiff has failed to produce any authority, binding or otherwise, that a corporate entity cannot refinance it shares simply because one of its minority shareholders is in bankruptcy.

## ISSUE IV: THE STATUTE OF LIMITATIONS HAS LONG SINCE EXPIRED

The Defendants asserted that the applicable statute of limitations expired, thereby barring Plaintiff's lawsuit.  [Doc. #116.]  The Bankruptcy Court found that there is no

state law statute of limitations where a bankruptcy court makes determinations pursuant to a request for declaratory relief as to whether certain property belongs to the bankrupt's estate notwithstanding state statutes of limitations.  Appellants respectfully submit that the Bankruptcy Court erred in ignoring California's statutes of limitations.  The Bankruptcy Court relied on the reasoning espoused *In re Blasingame* (BAP 6th Cir. 2019) 598 B.R. 864, but this reliance is misplaced because the facts of this case are readily distinguishable. *See* Memorandum of Decision [Doc. #123].

The Bankruptcy Court reasoned that the Plaintiff is merely seeking a declaration that no transfer of the Coastal shares had, in fact, occurred because Defendants failed to satisfy the consideration requirements of California Corporations Code § 409.  *See* Memorandum of Decision [Doc. #123].  By utilizing this reasoning, the Bankruptcy Court could avoid the distinction drawn in *Blasingame* between declaratory relief and a wholly separate cause of action, as described in *In re Reuter* (Bankr. W.D. Mo. 2012) 499 B.R. 655, 667-68.  In *Reuter*, the court acknowledged the general rule that "if a claim for declaratory relief could have been resolved through another form of action which has a specific limitations period, that specific period of time will govern." *Id.*  (citing *Town of Orangetown v. Gorsuch* (2nd Cir. 1983) 718 F.2d 29.

The Bankruptcy Court's conclusion regarding Plaintiff's clam for declaratory relief wholly ignores well-established California law that corporate stock certificates are tangible property, i.e. negotiable instruments, subject to claims for conversion.  *See Reynolds v. Reynolds* (1960) 54 Cal.2d 669, 679  (holding that stocks are negotiable instruments);  *see also Raichart v. Phillips* (1953) 120 Cal. App. 2d 645, 647, 261 P.2d

777, 778 (enforcing a claim for conversion regarding stock issued in exchange for services). Moreover, under well-settled California law, possession of the instrument is prime facie evidence of ownership by the holder. *See Sipe v. W. I. Hollingsworth & Co.* (1950) 99 Cal.App.2d 391, 392; *Shammas v. Boyett* (1952) 114 Cal.App.2d 139, 144-145.

By way of example, if a fraudulent transfer claim is "disguised" as a declaration action claim, the statute of limitations will apply. *Id.* By contrast, the statute of limitations does not apply where, as in *Reuter*, "Plaintiff is not seeking to avoid fraudulent transfers but rather is seeking to step into the Debtor's powers and rights under the Trusts and to have her right to do so determined by the Court in the form of a declaratory judgment." *Id.* In *Reuter*, the plaintiff sought "a ruling ordering Debtor to turnover those powers and rights as property of the estate and provide an accounting of the powers and rights he is bound to turnover." *Id.; see also Burlingame*, 599 B.R. at 875. Because the *Reuter* plaintiff, like the plaintiff in *Blasingame*, was seeking declaratory relief, the bankruptcy court could make that determination at any time.

Thus, the distinction this court should consider is whether; (i) the debtor has a present right to property, and the Court is simply declaring that right (for example, declaring what property is subject to a turnover order pursuant to 11 U.S.C. § 542), or (ii) the debtor would need to perfect his right to property through some additional mechanism, such as a fraudulent transfer lawsuit. In the latter situation, the statute of limitations applies. *Reuter*, 499 B.R. at 667-68; *see also Burlingame*, 599 B.R. at 875.

In this case, the Debtor has no claim to the present claim to the shares owned by Lindley/Chualar Canyon Ranch Supply and Patty. It is undisputed that Lindley and Patty

actually hold the certificates of stock in Coastal, and as such, they are the prima facie owners of that stock. *See Sipe v. W. I. Hollingsworth & Co.* (1950) 99 Cal.App.2d 391, 392; *see also Shammas v. Boyett* (1952) 114 Cal.App.2d 139, 144-145. If Plaintiff's claim is for a declaration that Brower is the owner of the Coastal shares at issue, then the claim is procedurally infirm. The proper procedural mechanism for return of tangible property is necessarily an action for conversion or cancellation of a negotiable instrument. *Raichart v. Phillips* (1953) 120 Cal. App. 2d 645, 647, 261 P.2d 777, 778. If the only relief sought by Union Bank is a declaration as to who currently owns the stock, then; (i) *Reuter* and *Burlingame* apply, (ii) there is no statute of limitations, and (iii) Plaintiff must lose as a matter of law, because the current prima facie owners are the various Defendants.

That is not the relief sought by the Plaintiff, however. The Plaintiff seeks a ruling from this Court that the issuance of the stock to the various Defendants was void seeks an order cancelling those shares. This is further, affirmative relief which goes beyond a simple declaration of present ownership. Under *Reuter*, this is a disguised motion for cancellation of a negotiable instrument, and the statute of limitations does apply. Simply stated, if a plaintiff is attempting to take away a defendant's presumed property, such as here, that is by no means a request for declaratory relief and the applicable state statute of limitations applies.

Under California law, the statute of limitations for an action upon a liability created by statute is three years. California Code of Civil Procedure § 338(a). One very early case held that, where a property or contractual right was "wholly void," a lawsuit

could be brought at any time, regardless of the statute of limitations.  *See Hironymous v. Hiatt* (1921) 52 Cal.App. 727, 736.  That decision was later declared "flatly wrong" by the court in *Robertson v. Superior Court* (2001) 90 Cal.App.4th 1319, 1326, and subsequent courts have held that the applicable statute of limitations must be imposed in lawsuits seeking to invalidate allegedly void contracts or property interests.  *See, e.g., Robertson*, 90 Cal.App.4th at 1326 (quitclaim deed that was allegedly void due to mental incompetence); *see also Walters v. Boosinger* (2016) 2 Cal.App.5th 421, 429-30 (collecting and citing cases).

It is undisputed that the shares were issued by Coastal to Patty Brower in the early 1980's, to Chualar Canyon Ranch Supply in 1987 and to Nobles and Babcock in 2011. Any action to have those shares declared void had to be filed by 1990 for Chualar Canyon's shares and 2014 for Nobles and Babcock's shares—well before Plaintiff's lawsuit was filed on May 11, 2017 [Doc. #1]  As such, Plaintiff's lawsuit is time-barred and any grant of summary judgment is therefore improper as a matter of law.

Moreover, even if Plaintiff was entitled to some form of "delayed discovery," Plaintiff was certainly on inquiry notice in 2012 that Coastal Cypress had issued new shares and on notice in 2012 that Patty Brower claimed ownership of 100% of ACP. This knowledge is sufficient to trigger the running of the statute of limitations because the Plaintiff knew or should have known of the stock transfers it now attacks.

Statutes of limitation do not begin to run until a cause of action accrues.  An important exception to the general rule of accrual is the "discovery rule," which postpones accrual of a cause of action until the plaintiff discovers, or has reason to

23

discover, the cause of action.  A plaintiff has reason to discover a cause of action when he or she "has reason at least to suspect a factual basis for its elements."  A potential plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof-when, simply put, he at least "suspects . . . that someone has done something wrong" to him, "wrong" being used, not in any technical sense, but rather in accordance with its "lay understanding."  *Norgart v. Upjohn Co.*(1999) 21 Cal. 4th 383, 397, 981 P.2d 79, 88.

The discovery rule only delays accrual until the Plaintiff has, or should have, inquiry notice of the cause of action.  The discovery rule does not encourage dilatory tactics because Plaintiffs are charged with presumptive knowledge of an injury if they have "information of circumstances to put them on inquiry."  *Rosas v. BASF Corp.* (2015) 236 Cal.App.4th 1378, 1389-1390; *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 397-398.  Because Plaintiff was on inquiry notice in 2012 that shares were being issued, and Mr. Brower informed him that he was not the sole shareholder, the three-year statute began running no later than 2012, and this lawsuit would be time barred if not filed by the end of 2015.  As such, it is time-barred and the Bankruptcy Court erred in finding that no statute of limitations applies and granting partial summary judgment for Plaintiff.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants/Appellants respectfully request that this District Court overturn the judgment of the Bankruptcy Court and direct the Bankruptcy Court to deny Plaintiff's motion for summary judgment in its entirety. Further, it is requested that the District Court issue a finding that Plaintiff's lawsuit is time-barred as a matter of law and direct the Bankruptcy Court to dismiss Plaintiff's complaint.

Dated: March 27, 2020                    **JRG ATTORNEYS AT LAW**


By:   _____
            Stephan A. Barber

**CERTIFICATE OF COMPLIANCE**

Pursuant to Rule 8.204(c)(1) of the California Rules of Court, I certify the foregoing Respondents' Opposition Brief is proportionately spaced, has a typeface of 13 points, and contains 5383 words, including footnotes, according to the word count of the word processing program with which it was prepared and excluding the Table of Contents, Table of Authorities, Certification of Interested Entities or Persons, Certification of Word Count and the signature block.

Dated: March 27, 2020

Stephan A. Barber

# CERTIFICATE OF SERVICE

United States District Court, Northern District of California

Case No. 5:19-cv-08135-EJD

I, the undersigned, hereby declare: I am a citizen of the United States; I am over

the age of 18 years; I am not a party to this legal action; and my business address is 318

Cayuga Street, Salinas, CA 93901.   On March 27, 2020, I served a copy of the foregoing

**APPELLANTS' OPENING BRIEF** in the following manner on the parties identified

below:

Isaiah Weedn
SHEPPARD MULLIN
650 Town Center Drive, 4th Floor
Costa Mesa, CA  92626-1993
iweedn@sheppardmullin.com
Telephone:  (714) 424-2828
**Attorneys for MUFG Union Bank, N.A.**

Michael M. Lauter
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
mlauter@sheppardmullin.com
Telephone: (415) 434-9100
**Attorneys for MUFG Union Bank, N.A.**

Babak Samini
THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, CA  92663
bsamini@saminilaw.com
Telephone: (949) 724-0900
**Attorneys for Richard Babcock and
Anthony Nobles**

___**X**___**By CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
document with the Clerk of the Court by using the CM/ECF system.  Participants in the case who
are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

_/s/ Kathleen F. Hutter_____
Kathleen F. Hutter

27