Case No. 5:19-cv-08135-EJD

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ROBERT BROWER, SR., et al.,

*Appellants,*

*v.*

MUFG UNION BANK, N.A.,

*Respondent.*

On Appeal from the U.S. Bankruptcy Court

The Honorable Elaine Hammond, Judge Presiding

(Adversary Case No. 17-05044)

**APPELLANT'S REPLY BRIEF**

STEPHAN A. BARBER (SBN 70070)
JRG ATTORNEYS AT LAW
318 Cayuga Street
Salinas, CA 93901
Telephone: (831) 754-2444
Facsimile: (831) 269-7089

*Attorneys for Appellants, ROBERT BROWER, SR.; COASTAL CYPRESS CORPORATION (California and Delaware); WILFRED "BUTCH" LINDLEY; PATRICIA BROWER; PATRICIA BROWER TRUST; and AMERICAN COMMERCIAL PROPERTIES, INC.*

1

## CERTIFICATE OF INTERESTED ENTITIES OR PERSONS

There are no interested entities or persons to list in this Certificate. (Cal. Rules of Court, rule 8.208(e)(3)).

Dated:  May 14, 2020

Stephan A. Barber

**TABLE OF CONTENTS**

INTRODUCTION   ..................................................................................... 6

ISSUES RAISED BY THE RESPONSE ................................................. 6

STATEMENT OF FACTS.................................................................... 6

LEGAL ARGUMENT .......................................................................... 7

        ISSUE I:      LINDLEY'S OWNERSHIP OF COASTAL SHARES IS
                           VALID UNDER CALIFORNIA CORPORATIONS
                           CODE § 409 ....................................................................... 7

                A.      The Share Certificates are Valid Under Delaware
                           And California Law................................................................ 7

                B.      The Share Certificates Are Valid Under California Law
                           Because Money or Services Were Rendered ......................... 8

                C.      Lindley/Chualar Canyon Ranch Supply is a Bona
                           Fide Purchaser of Stock........................................................ 10

        ISSUE II:     PATTY OWNS ACP AS HER SEPARATE PROPERTY .. 11

        ISSUE III:    THE STATUTE OF LIMITATIONS HAS LONG
                       SINCE EXPIRED ............................................................... 12

CONCLUSION   ................................................................................. 15

# TABLE OF AUTHORITIES

*Burge v. Midway Pacific Oil Co.*
  99 Cal. App. 714, 717 (1929) ..................................................................... 8

*California Trona Co. v. Wilkinson*
  20 Cal.App. 694, 703, 130 (Cal.Ct.App. 1912) ........................................... 10

*Cortelyou v. Imperial Land Co.*
  (1909) 156 Cal. 373, 376 ..................................................................... 10, 11

*Estate of Bibb*
  (2001) 87 Cal.App.4th 461 ........................................................................ 12

*Estate of Petersen*
  (1994) 28 Cal.App.4th 1742 ...................................................................... 12

*Haft v. Dart Group Corp.*
  841 F. Supp. 549, 1993 U.S. Dist. LEXIS 18846 (D. Del. 1993) ................. 7

*Hironymous v. Hiatt*
  (1921) 52 Cal.App. 727, 736 ..................................................................... 14

*In re Blasingame*
  598 B.R. 864 (BAP 6th Cir. 2019) ............................................................. 13

*In re Reuter*
  499 B.R. 655, 667-68 (Bankr. W.D. Mo 2012) .......................................... 13

*Michaels v. Pacific Soft Water Laundry*
  (1930) 104 Cal.App. 349, 358-359 ............................................................ 10

*Robertson v. Superior Court*
  (2001) 90 Cal.App.4th 1319, 1326 ............................................................ 14

*Shanik v. White Sewing Machine Corp.*
  25 Del. Ch. 371, 19 A.2d 831 (Del. 1941) ................................................... 7

*Town of Orangetown v. Gorsuch*
  718 F.2d 29 (2nd Cir. 1983) 1099 ............................................................. 13

*Walters v. Boosinger*
  (2016) 2 Cal.App.5th 421, 429-30 ............................................................. 14

**<u>Statutes</u>**

California Code of Civil Procedure § 338(a) .............................................. 6, 14, 15

California Corporations Code § 409 ......................................... 6, 7, 8, 10, 11, 13, 14

11 U.S.C. § 541(a)(1) .................................................................. 12, 13, 14

11 U.S.C. § 541(a)(3) ............................................................................ 12

11 U.S.C. § 544         .......................................................................... 12

11 U.S.C. § 546         .......................................................................... 12

11 U.S.C. § 548         .......................................................................... 12

11 U.S.C. § 550(a)(3) ........................................................................... 12

11 U.S.C. § 549         ........................................................................... 6

California Family Code § 850 .................................................................. 11

California Family Code § 852 .................................................................. 11

8 Del. C. § 152         ........................................................................ 7, 8

## INTRODUCTION

COME NOW, Defendant-Appellants, Robert Brower, Sr. ("Brower"), Coastal

Cypress Corporation (California and Delaware referred to collectively as "Coastal"),

Wilford "Butch" Lindley ("Lindley"), Patricia Brower and the Patricia Brower Trust

(collectively "Patty"), and America Commercial Properties, Inc. ("ACP") (collectively

referred to as "Defendants"), and file this their Reply to Appellee's Opening Brief. [Doc. #

11].

## ISSUES RAISED BY THE RESONSE[1]

1.       Whether Lindley's labor and service benefited Coastal, such that he

satisfied California Corporation Code § 409.

2.       Whether Brower transmuted his shares of ACP to Patty.

3.       Whether the Bankruptcy Court erred in finding that Plaintiff's claims were

not time-barred by California Civil Procedure Code § 338(a), which provides a three-year

statute of limitations for bringing "an action upon a liability created by statute, other than

a penalty or forfeiture."

## STATEMENT OF FACTS

The facts from Defendants' brief and the Bank's response are fully incorporated

by reference for judicial economy.

-----

[1] The issue regarding whether the restructuring of Coastal California to Coastal Delaware is not subject to 11 U.S.C. § 549 is dependent, entirely, upon which the Debtor owned a majority of Coastal shares, so the issue is not further addressed herein

## LEGAL ARGUMENT

### Issue I:  Lindley's Ownership of Coastal Shares

### is Valid Under California Corporations Code § 409

The Bankruptcy Court's ruling, insofar as it sets aside the Coastal shares of

Chualar Canyon Ranch Supply, by declaring them void under California Corporations

Code § 409, must be reversed.

**A.      The Share Certificates are Valid Under Delaware and California Law.**

The transfer avoidance claim of Plaintiff is premised on the notion that the stocks

issued by Coastal California were issued without consideration.  The issue of

consideration is addressed in further detail below, but if the stocks were validly issued,

the transfer was adequate.  Under Delaware law, "the board of directors may authorize

capital stock to be issued for consideration consisting of cash, any tangible or intangible

property or any benefit to the corporation, or any combination thereof."  8 Del. C. § 152.

"In the absence of actual fraud in the transaction, the judgment of the directors as to the

value of such consideration shall be conclusive." *Id.*  One asserting the defense of lack of

consideration bears the burden of proving that defense. *Haft v. Dart Group Corp.*, 841 F.

Supp. 549, 1993 U.S. Dist. LEXIS 18846 (D. Del. 1993).

In this case, each Defendant surrendered their old shares of Coastal California

stock for the new shares of Coastal Delaware stock.  This is sufficient consideration.

*Shanik v. White Sewing Machine Corp.*, 25 Del. Ch. 371, 19 A.2d 831 (Del. 1941).

Further, the services rendered by Lindley ultimately accrued to the benefit of Coastal

California (and thus Coastal Delaware by merger).  This is all that is required, since

consideration can be "any benefit to the corporation."  8 Del. C. § 152.

**B.      The Share Certificates Are Valid Under California Law Because Money or**

**Services Were Rendered.**

Under California law, a corporation may issue shares for "money paid; labor done;

services actually rendered to the corporation or for its benefit or in its formation or

reorganization; debts or securities canceled; and tangible or intangible property actually

received either by the issuing corporation or by a wholly owned subsidiary."  California

Corporations Code § 409.

In this case, Lindley provided services of benefit to Coastal California back in the

1980s.  (Lindley Declaration, at ¶ 3);  *see also* (Brower July Declaration, at ¶ 2).  This is

sufficient to justify issuance of shares.  *See Ellsworth v. National Home & Town Builders*

(1917) 33 Cal. App. 1, 2 (corporate stock issued in consideration of valuable services

rendered and labor performed for corporation is not issued without consideration);  *see*

*also Burge v. Midway Pacific Oil Co.*, 99 Cal. App. 714, 717 (1929) ("if there is some

consideration emanating from a legitimate transaction, one not tainted with fraud, and

intended to redound to the benefit of the corporation, the constitutional and statutory

requirements for the issue of corporate bonds, in so far as the corporation or its

stockholders are concerned, are satisfied").

Plaintiff contends that the services could not have been for the benefit of Coastal, because

Coastal simply held title to "real property commonly referred to as 8890 & 8940 Carmel Valley

Road in Carmel, California (the 'Wine Estate Property'), an approximately 16-acre estate that

included a tasting room, wine production facility, barrel aging room, offices, outdoor event venues, and vineyards." [Doc. 11 at 14-15].  As the Bank acknowledges, the "Wine Estate Property was the former site of the Chateau Julien Wine Estate, which Debtor oversaw for decades as President of Chateau Julien, Inc. ('CJ'), Great American Wineries, Inc. ('GAW'), and Coastal Cypress Corporation ('Coastal'), each of which played a role in the Chateau Julien Wine Estate enterprise." *Id.*

Plaintiff claims that Coastal could not have benefited from the labor or services provided by Lindley because Coastal did not make wine.  This, of course, ignores the fact that the value of property itself is composed of the rents generated.  It also ignores that Coastal did in fact own some equipment for wine production, which the Bank admits.  [Doc. 11 at 15] ("Coastal sold the Wine Estate Property along with *certain equipment* and other assets *related to the ongoing wine estate business* operations in April 2015 (i.e., after Debtor filed for bankruptcy) for total consideration of $12,035,707.24.") (emphasis added).

As Mr. Lindley described, because of Coastal's capacity increase, Coastal could charge higher rents to its two tenants (CJ—the licensing entity and GAW—the winery).  Coastal's ability to charge higher rents, in turn, was due to Mr. Lindley's services on behalf of Coastal, prior to receiving his shares of stock.  (Brower Supplemental Declaration, at ¶ 9-10); see generally (Lindley Declaration, at ¶ 3-4).  It is critical to note that the Browers moved out to the Central Coast in 1982 from New Jersey.  (Brower Supplemental Declaration, at ¶ 11).  They were newcomers to the area and the wine industry.  *Id.*  At that time, Lindley was well known in the agricultural and wine industry in the Central Coast (and beyond), and his affiliation with the global entity, including Coastal Cypress, brought instant credibility to the operations.  This all was a significant benefit to Coastal Cypress.  *Id*

Certainly, there is in an argument that the labor and services benefited all of the various wine enterprises, but to suggest that there was absolutely no benefit to Coastal, requires that the court completely disregard the evidence in the record.  Whether the value of the services was inadequate, is irrelevant at this point.  *California Trona Co. v. Wilkinson*, 20 Cal. App. 694, 703, 130 P. 190, 193 (Cal. Ct. App. 1912) ("In any event, in the case of the issuance of stock by a corporation for an inadequate consideration, viewed from the standpoint of value, such transaction cannot be assailed by the stockholders, or, which is the same thing, by the corporation itself, merely upon the ground of such inadequacy of consideration.").  Because Lindley's labor and service benefitted Coastal, even if only a little, his shares cannot be declared void.

**C.      Lindley/Chualar Canyon Ranch Supply Is a Bona Fide Purchaser of Stock.**

Plaintiff contends that Lindley was unaware of which of the wine enterprise entities he was providing the services and equipment for, because he viewed them all as one in the same, so his efforts should be completely disregarded.  As stated, Lindley's service, equipment, and grapes benefitted Coastal.  Whether Debtor Brower complied strictly with the provisions of § 409 is of no consequence.  Under longstanding California law, even if stock is issued in a manner inconsistent with Corporations Code § 409, a bona fide (or "innocent") purchaser is still considered a rightful stockholder.  *See Cortelyou v. Imperial Land Co.* (1909) 156 Cal. 373, 376; *Michaels v. Pacific Soft Water Laundry* (1930) 104 Cal.App. 349, 358-359.  The transferor in *Cortelyou* was Ferguson, and the receiving party Cortelyou.  "The shares having been issued to him for an agreed consideration, in the absence of fraud, the same became the property of Ferguson."

*Cortelyou* (1909) 156 Cal. at 376.  "It seems to us, then, that, construing the complaint as we may, the facts set out are sufficient to show Cortelyou's acquisition of the personal property by the purchase, and whether Ferguson sold the same as his own, or as part of the treasury stock of the corporation, by the sale his interest in the shares, the subject of the sale, vested in Cortelyou." *Id.*  Lindley believed he was providing services and equipment for the benefit of Coastal, and Brower lead to believe that he was.  Lindley accepted the transfer for what he believed was adequate consideration, compliance with § 409 aside.

In the present case, it is undisputed that Nobles and Babcock paid $250,000 for their shares in Coastal stock, and Lindley performed services for the benefit of Coastal. Regardless of whether Coastal complied with Corporations Code § 409, that is no reason to deprive innocent purchasers of their shares.

### **Issue II:  Patty Owns ACP as Her Separate Property**

Pursuant to California Family Code section 850, "married persons may by agreement or transfer, with or without consideration," transmute community property to separate property of one spouse or transmute separate property of one spouse to separate property of the other spouse.  California Family Code section 852 further provides that "a transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected."

In this case, the transmutation of ACP shares from Brower to Patty, as her separate property, was evidenced by (i) a gift card that reads "ACP is now yours", (ii) a signed

11

note that includes the statement, "I am proud to give you all my interest" in ACP, and

(iii) a stock transfer that reflects that Robert Brower was gifting his entire interest to Patty

Brower.  (Brower July Declaration, at ¶ 11); *see also* (Brower February Declaration, at

¶ 2).  These actions, when viewed in their totality, contain an effective transmutation.

*See, e.g., Estate of Petersen* (1994) 28 Cal.App.4th 1742 (a transmutation requires

language that expressly states the character or ownership of the spouse's interest is being

changed); *Estate of Bibb* (2001) 87 Cal.App.4th 461 (a clear and unambiguous expression

of intent to transfer the real property is sufficient).

In actuality, the Bankruptcy Court should have found that Patty owns her shares as

separate property as a matter of law.  It was improper to ignore the facts in the record and

grant summary judgment to Plaintiff on this issue.  The Bankruptcy Court committed

error, because, at a minimum, there are disputed facts in the record as to whether Brower

or Patty owns the ACP shares as their separate property.

**Issue III:  The Statute of Limitations Has Long Since Expired**

Plaintiff asks this Court to abrogate well-settled California law that imposes a

statute of limitations for cancellation of void instruments related to property rights.

Moreover, it requires that the court determine that declaratory actions sought pursuant to

11 U.S.C § 541(a)(1) are independent causes of action that would render subsection 11

U.S.C. § 541(a)(3) meaningless, along with sections 11 U.S.C. §§ 544, 546, 548, and

550(a)(3).  By Plaintiff's argument, merely seeking a judicial decree that a property

transfer was void, the court can avoid all statute of limitations, including those contained

within the bankruptcy code section that addresses recovery of property belonging to a

debtor.  The Bankruptcy Court relied on the reasoning espoused *In re Blasingame*, 598

B.R. 864 (BAP 6th Cir. 2019), but this reliance is misplaced, because California law

imposes a statute of limitations on the relief sought by Bank, and, if the court were

determine that application of § 541(a)(1) is without limitations.  *See* Memorandum of

Decision [Doc. #123].

In *In re Reuter*, 499 B.R. 655, 667-68 (Bankr. W.D.Mo 2012), which the

*Blasingame* court relied upon, the court acknowledged the general rule that "if a claim for

declaratory relief could have been resolved through another form of action which has a

specific limitations period, that specific period of time will govern." *Id.* (citing *Town of*

*Orangetown v. Gorsuch*, 718 F.2d 29 (2nd Cir. 1983).  This rule is necessary to avoid

declaratory judgment actions subsuming all those areas of law that can be recharacterized

as declaratory judgment actions.  *Gorsuch*, 718 F.2d at 42 ("*Orangetown* also errs in

assuming that it can avoid the applicable bar by labeling its action as one seeking

declaratory or injunctive relief.")

According to the Bank, it seeks a ruling from this Court that the issuance of the

stock to the various Defendants was void and seeks an order cancelling those shares

based on the application of 11 U.S.C. 541(a)(1).  For this claim to qualify under 11

U.S.C. 541(a)(1) the debtor must retain either a legal or an equitable interest in the

property.  To have either, the court must first address whether the Defendants provided

sufficient consideration in accordance with California Corporations Code § 409.  Plaintiff

would have this court set aside a transfer without first requesting a transfer.  In other

words, all a creditor must do is plead for declaratory relief under § 541(a)(1) and it can

avoid all the provisions and limitations contained in Chapter 5 of Title 11 of the United States Code.

Therefore, at best, Plaintiff's claim is one to set aside an allegedly void transfer. Under California law, the statute of limitations for an action upon a liability created by statute is three years.  California Code of Civil Procedure § 338(a).  In *Robertson v. Superior Court* (2001) 90 Cal.App.4th 1319, 1326, the court explicitly held that the applicable statute of limitations must be imposed in lawsuits seeking to invalidate allegedly void contracts or property interests, a proposition which has been upheld by subsequent courts.  *See, e.g., Robertson*, 90 Cal.App.4th at 1326 (quitclaim deed that was allegedly void due to mental incompetence); *see also Walters v. Boosinger* (2016) 2 Cal.App.5th 421, 429-30 (collecting and citing cases).  One very early case held that, where a property or contractual right was "wholly void," a lawsuit could be brought at any time, regardless of the statute of limitations.  *See Hironymous v. Hiatt* (1921) 52 Cal.App. 727, 736.  The reasoning in *Hironymous* was explicitly refused by the *Robertson* court, which recognized that actions to void transfers or property rights (in that case related to real property) must be subject to a limitations period.

In determining same, it looked at the California Code of Civil Procedure for guidance.  Recognizing the various statute of limitations contained therein, the court held that "[t]he overall effect of these sections is manifest: actions relating to either the possession of or title to real property (or, of course, both) must be" subject to some form of limitations.  *Robertson* (2001) 90 Cal.App.4th at 1326. California Corporations Code

§ 409 contains no limitations period or provisions for the cancellation of shares, but the court can look to California Code of Civil Procedure for guidance, which states, that liability created by statute must be asserted within three years.  California Code of Civil Procedure § 338(a).

It is undisputed that the shares were issued by Coastal to Patty Brower in the early 1980s, to Chualar Canyon Ranch Supply in 1987 and to Nobles and Babcock in 2011. Any action to have those shares declared void had to be filed by 1990 for Chualar Canyon's shares and 2014 for Nobles and Babcock's shares—well before Plaintiff's lawsuit was filed on May 11, 2017 [Doc. #1.]  As such, Plaintiff's lawsuit is time-barred and any grant of summary judgment is therefore improper as a matter of law.

## CONCLUSION

For the reasons set forth above, Defendants/Appellants respectfully request that this District Court overturn the judgment of the Bankruptcy Court and direct the Bankruptcy Court to deny Plaintiff's motion for summary judgment in its entirety. Further, it is requested that the District Court issue a finding that Plaintiff's lawsuit is time-barred as a matter of law and issue an order directing the Bankruptcy Court to dismiss Plaintiff's complaint.

Dated: May 14, 2020                                    **JRG ATTORNEYS AT LAW**

By: _____

Stephan A. Barber
Attorney for Appellants

15

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 8.204(c)(1) of the California Rules of Court, I certify the foregoing Respondents' Opposition Brief is proportionately spaced, has a typeface of 13 points, and contains 3467 words, including footnotes, according to the word count of the word processing program with which it was prepared and excluding the Table of Contents, Table of Authorities, Certification of Interested Entities or Persons, Certification of Word Count and the signature block.


Dated: May 14, 2020

Stephan A. Barber

# CERTIFICATE OF SERVICE

United States District Court, Northern District of California

Case No. 5:19-cv-08135-EJD

I, the undersigned, hereby declare: I am a citizen of the United States; I am over

the age of 18 years; I am not a party to this legal action; and my business address is 318

Cayuga Street, Salinas, CA 93901.   On May 14, 2020, I served a copy of the foregoing

**APPELLANTS' REPLY BRIEF** in the following manner on the parties identified

below:

Isaiah Weedn
SHEPPARD MULLIN
650 Town Center Drive, 4th Floor
Costa Mesa, CA  92626-1993
iweedn@sheppardmullin.com
Telephone:  (714) 424-2828
**Attorneys for MUFG Union Bank, N.A.**

Michael M. Lauter
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111-4109
mlauter@sheppardmullin.com
Telephone: (415) 434-9100
**Attorneys for MUFG Union Bank, N.A.**

Babak Samini
THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, CA  92663
bsamini@saminilaw.com
Telephone: (949) 724-0900
**Attorneys for Richard Babcock and
Anthony Nobles**

    **X    By CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the
document with the Clerk of the Court by using the CM/ECF system.  Participants in the case who
are registered CM/ECF users will be served by the CM/ECF system.

    I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

*/s/ Kathleen F. Hutter*
Kathleen F. Hutter

17