**Case No. 5:19-cv-08135-EJD**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

---

**ROBERT BROWER, SR., et al.,**
*Appellants***,**

vs.

**MUFG UNION BANK, N.A.,**
*Appellee.*

---

On Appeal from the U.S. Bankruptcy Court
Hon. M. Elaine Hammond
Adversary Case No. 17-05044

---

# MUFG UNION BANK, N.A.'S OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY OF BANKRUPTCY TRIAL

---

Isaiah Z. Weedn, SBN 229111
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA 92626
Tel: 714.513.5100
Fax: 714.513.5130
iweedn@sheppardmullin.com

Michael M. Lauter, SBN 246048
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111
Tel: 415.434.9100
Fax: 415.434.3947
mlauter@sheppardmullin.com

*Attorneys for Appellee*
*MUFG UNION BANK, N.A.*

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Bankruptcy Procedure 8012, plaintiff/appellee MUFG Union Bank, N.A. states as follows:

MUFG Union Bank, N.A. is a subsidiary of holding company MUFG Americas Holdings Corporation and a member of Mitsubishi UFJ Financial Group. Mitsubishi UFJ Financial Group, is a publicly traded company that owns 10 percent or more of MUFG Union Bank, N.A. stock.

Dated: July 29, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By */s/ Isaiah Z. Weedn*

ISAIAH Z. WEEDN
Attorneys for Appellee
MUFG UNION BANK, N.A.

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ....................5
II. CASE SUMMARY ....................6
III. STANDARD FOR CERTIFICATION ....................8
IV. ARGUMENT ....................9
A. The Motion Fails to Establish Substantial Grounds for Difference of Opinion ....................9
B. Certification Would Further Delay Resolution of the Litigation ....................10
C. Staying the Bankruptcy Court Litigation Would Be Improper ....................11
V. CONCLUSION ....................12

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ambrosio v. Cogent Communs., Inc.*
2016 WL 777775 (N.D. Cal., Feb. 29, 2016) .......... 12

*Baer v. Standard Oil Co. of California*
No. C-71-2106-Ojc, 1976 WL 13319 (N.D. Cal. Dec. 17, 1975) .......... 8

*Re Cement Antitrust Litig.*
673 F.2d 1020 (9th Cir. 1982) .......... 8

*Couch v. Telescope Inc.*
611 F.3d 629 (9th Cir. 2010) .......... 6, 9

*Falise v. American Tobacco Co.*
94 F.Supp.2d 316 (E.D.N.Y. 2000) .......... 11

*Fenters v. Yosemite Chevron*
761 F. Supp. 2d 957 (E.D. Cal. 2010) .......... 11

*Knapp v. Hickman*
No. CIV S-05-2520-FCD, 2008 WL 905359 (E.D. Cal. Apr. 2, 2008) .......... 9

*Rieve v. Coventry Health Care, Inc.*
870 F.Supp. 2d 856 (C.D. Cal. 2012) .......... 8, 10

*Shurance v. Planning Control Int'l, Inc.*
839 F.2d 1347 (9th Cir. 1988) .......... 10

## Statutes

28 U.S.C. § 1292(b) .......... 5, 8, 9, 10, 11

Bankruptcy Code § 549 .......... 8

# I.
# INTRODUCTION

The Court should deny Defendants' Motion to Certify Interlocutory Appeal and Stay of Bankruptcy Trial in its entirety. As a preliminary matter, though it is styled, in part, as a motion for "Stay of Bankruptcy Trial," Defendants have not included any discussion of a stay, much less any legal authority that would justify staying the trial, which is little more than a month away. A stay would result in an unwarranted delay of the litigation and should not be granted.

As to the portion of their Motion for which they do cite legal authority, Defendants are unable to make a colorable case for certification of an interlocutory appeal. As Defendants acknowledge in their Motion, certification for interlocutory appeal under 28 U.S.C. § 1292(b) is only appropriate if **all three** of the following conditions are met: "(1) the order involves a 'controlling question of law,' (2) there is a 'substantial ground for difference of opinion' concerning the legal question, and (3) 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b)." (Motion, p. 7.) Plaintiff/appellee MUFG Union Bank, N.A. (the "Bank") does not believe Defendants can satisfy **any**, much less all, of these conditions. But the condition that Defendants most obviously cannot satisfy is the second – the existence of a "substantial ground for difference of opinion."

Defendants' arguments concerning the statute of limitations and Mr. Lindley's purported shareholder status have both been rejected at least twice – first by the Bankruptcy Court[1] and now by the District Court. These have not been

---

[1] Defendants' statute of limitations defense was actually rejected twice by the Bankruptcy Court – once at the pleading stage and then again at the summary judgment stage.

close calls. Defendants have yet to cite any authority that truly supports their arguments and they certainly have not established the existence of the type of inter-circuit dispute on the questions that typically evidences the existence of a "substantial ground for difference of opinion." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) ("Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point.") That is not surprising since both of the legal issues cited as the basis for this Motion are issues of California law.

For the foregoing reasons and as further detailed below, Defendants' Motion should be denied in its entirety.

## II.
## CASE SUMMARY

This case is about defendant/debtor Robert Brower, Sr. ("Debtor")[2] and his associates' elaborate attempts to shield Debtor's assets from his creditors and, in particular, the Bank. Debtor represented to the Bank that he and his wife, defendant Patricia Brower, jointly owned assets totaling nearly $10 million in order to secure a $4.85 million loan for their company, Chateau Julien, Inc. ("CJ"), only to later disclose during bankruptcy that Debtor had purportedly divested himself of most of these assets via various alleged stock transfer/issuance transactions concerning defendants American Commercial Properties, Inc.

[2] Debtor and the other appellants, Coastal Cypress Corporation (California), Coastal Cypress Corporation (Delaware), Wilfred "Butch" Lindley, Patricia Brower, Patricia Brower Trust, and American Commercial Properties, Inc., are referred to collectively as "Defendants."

("ACP") and Coastal Cypress Corporation ("Coastal")[3]. Debtor sought to make it appear that he did not own any interest in ACP and that he only owned a minority interest in Coastal, thereby shielding from creditors the lion's share of the valuable assets owned by those entities, including nearly $6 million in net proceeds from the sale of a multi-acre Carmel wine estate property, as well as Debtor's homes in Carmel and Delaware.

The Bank filed this adversary proceeding in the Bankruptcy Court to expose Debtor's subterfuge and has already largely prevailed. In partially granting the Bank's Motion for Summary Judgment ("MSJ"), the Bankruptcy Court ruled, in pertinent part, as follows:

- Appellant Wilfred "Butch" Lindley did not provide consideration to or for the benefit of Coastal in exchange for his purported 335,000 shares, rendering them void. (AA[4], 535:4-22.)
- 100% of appellant ACP's shares are the property of Debtor's bankruptcy estate because the purported transfer of these shares to Debtor's spouse, appellant Patricia Brower, was not sufficient to transmute the shares into Mrs. Brower's sole and separate property. (AA 541-543:3-25.)
- As a result of the Bankruptcy Court's rulings voiding all of Messrs. Lindley and Babcock's alleged Coastal shares and voiding most of Mr. Nobles' alleged Coastal shares, Debtor owned at least 57% of Coastal's shares at the time of the post-bankruptcy-filing merger of Coastal (California) into

---

[3] Coastal Cypress Corporation was originally a California corporation ("Coastal (California)"). But post-bankruptcy filing, Debtor caused Coastal (California) to merge into a Delaware corporation of the same name "Coastal (Delaware)." The distinction between the two entities is largely immaterial to the analysis herein. Accordingly, the two corporations are referred to collectively as "Coastal."

[4] Citations to "AA" mean and refer to the Bank's Appellee's Appendix.

Coastal (Delaware), for which no Bankruptcy Court approval was sought, much less granted. Accordingly, the merger was set aside as a violation of Bankruptcy Code § 549. (AA, 544-545:22-12.)

This Court affirmed all of these rulings in its June 15, 2020 Order. *See* Doc. 16.

The remaining, quite limited issues still pending before the Bankruptcy Court – Mrs. Brower's contention that she owns certain Coastal shares as her sole and separate property and Mr. Nobles' contention that Coastal did, in fact, receive $50,000 in consideration for certain Coastal shares he contends he owns – are scheduled to be resolved via a 1-2 day trial (to be conducted via Zoom) commencing on September 2, 2020. Defendants' attempt to certify this matter for an interlocutory appeal is a last ditch effort to further delay the trial, which was already continued for several months due to Mr. Brower's health issues.

## III.

## STANDARD FOR CERTIFICATION

In addition to the three required conditions for certification of an interlocutory appeal referenced in the Introduction above, the Ninth Circuit has "recognized the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases, and that the 'controlling question of law' requirement be interpreted in such a way to implement this policy." In *Re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)); see also *Rieve v. Coventry Health Care, Inc.*, 870 F.Supp. 2d 856, 878 (C.D. Cal. 2012) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly. . . . Indeed, the legislative history of § 1292 suggests that it ought to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.") (citations and internal quotation marks omitted); see also *Baer v. Standard Oil Co.*

*of California*, No. C-71-2106-Ojc, 1976 WL 13319, at *3 (N.D. Cal. Dec. 17, 1975) ("[I]t is important to remember that Federal law expresses a policy against piecemeal appeals."). Certification for interlocutory appeal should not be granted simply because a party strongly disagrees with the court's opinion. *Couch v. Telescope Inc.*, 611 F.3d 629, 633-34 (9th Cir. 2010).

## IV.

## ARGUMENT

### A. The Motion Fails to Establish Substantial Grounds for Difference of Opinion

No "substantial ground for difference of opinion" exists in this case beyond Defendants' imagination. As noted above, a "substantial difference of opinion" is usually evidenced by a showing that "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Couch*, 611 F.3d at 633. Moreover, in determining whether "'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633; see also *Knapp v. Hickman*, No. CIV S-05-2520-FCD, 2008 WL 905359, at *1 (E.D. Cal. Apr. 2, 2008) ("There must be a genuine doubt as to the correct legal standard used in the order for the order to be granted certification under § 1292(b)."). And "the fact that 'settled law might be applied differently does not establish a substantial ground for difference of opinion' about a pure legal question." *Carillo*, 2014 WL 1155403, at *3.

In this case, Defendants contend certification for interlocutory appeal is appropriate because there are "substantial grounds for difference of opinion" as to the application of California's statute of limitations to the Bank's claims for declaratory relief and California law concerning adequate consideration for issuance of corporate shares. (*See* Motion, sub-heading "i" at p. 9 and sub-heading

"ii" at p. 13.) Since these are issues of California law, Defendants are unsurprisingly unable to cite any cases to suggest there is any dispute amongst the circuits on these issues.

Moreover, Defendants cannot credibly claim that the applicable legal standards are in any way unclear. The applicable law is settled, as evidenced by the fact that this Court seemingly had no difficulty identifying the relevant standards under which to evaluate Defendants' arguments. (*See* Doc. 13, pp. 5-6:19-5; and 11:13-23.) Defendants simply wish the Court had applied the settled law differently. As noted in *Carillo*, that is not a sound basis to support the existence of a "substantial ground for difference of opinion" under § 1292(b). Defendants' Motion should be denied.

## B. <u>Certification Would Further Delay Resolution of the Litigation.</u>

Certification for interlocutory appeal itself, to say nothing of a stay of lower court proceedings, is inappropriate "where 'the Court concludes certification would actually delay the resolution of the litigation. . . .'" *Rieve*, 870 F.Supp. 2d at 880. In *Rieve*, this Court refused to grant 1292(b) certification where, inter alia, the case was filed over a year prior to the motion and the hearing on class certification was scheduled for the following month, recognizing that the "interlocutory appeal would significantly delay the litigation." Id. (citing *Strauss v. Sheffield Ins. Corp.*, No. 05CV1310-H(CAB), 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006) (where the court refused to certify an interlocutory appeal due to its concern that the final resolution of such appeal could take years)). *See also Shurance v. Planning Control Int'l, Inc.*, 839 F.2d 1347, 1348 (9th Cir. 1988) ("We also find that to allow interlocutory appeal of this motion would not 'materially advance the ultimate termination of the litigation.' 28 U.S.C. § 1292(b). Indeed, an interlocutory

appeal might well have the effect of delaying the resolution of this litigation, for an appeal probably could not be completed [within the next five months], when trial is currently scheduled."); *Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) ("The summary judgment ruling now sought to be appealed was entered December 30, 2010. The present motion filed 78 days later seeks to avoid an imminent June 14, 2011 trial date, previously scheduled with the agreement of the parties in January 2011. This delay alone is sufficient to deny certification.") (emphasis added); *Falise v. American Tobacco Co.*, 94 F.Supp.2d 316, 357 (E.D.N.Y. 2000) (denying 1292(b) motion two and one-half months before trial, holding, "[T]o delay proceedings for appellate review . . . would not advance the ends of justice, and would unnecessarily burden both this Court and the Court of Appeals.").

As noted above, a brief, Zoom trial of the limited matters left unresolved after the parties cross-motions for summary judgment is scheduled to commence on September 2, 2020 (after previously being continued due to Mr. Brower's health issues). The case has been pending for over three years already and this Motion itself may be unresolved before trial commences, to say nothing of an actual appeal. Accordingly, certifying the case for interlocutory appeal would only further delay the resolution of the litigation. The Motion should be denied.

## C. <u>Staying the Bankruptcy Court Litigation Would Be Improper.</u>

Defendants' request for a stay should be denied. Section 1292(b) expressly provides that "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals…shall so order." "A stay is not a matter of right…[i]t is instead an exercise of judicial discretion, and the propriety of its issues is dependent upon the circumstances of the particular

case." *Ambrosio v. Cogent Communs., Inc.*, 2016 WL 777775, at *6, (N.D. Cal., Feb. 29, 2016). Courts look to four circumstances in considering to stay proceedings: "(1) 'whether the stay applicant has made a strong showing that he is likely to succeed on the merits'; (2) 'whether the applicant will be irreparably injured absent a stay'; (3) 'whether issuance of the stay will substantially injure the other parties interested in the proceeding'; and (4) 'where the public interest lies.'" *Ambrosio*, 2016 WL 777775, at 4 (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 964 (9th Cir. 2011) (quoting *Nken v. Holder*, 556 U.S. 418, 426 (2009)).

Here, this case has already been pending for over three years and trial is scheduled to proceed in scarcely more than a month. Defendants have already had the chance to fully brief the issues raised in their Motion multiple times, and they have failed to persuade two different courts. Moreover, Defendants failed to make even a cursory attempt to argue they are entitled to a stay under the applicable standard detailed above. That is because no justification for a stay exists.

The Defendants' meritless request for a stay should be denied along with their meritless request for certification for interlocutory appeal.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety and trial of the remaining issues should be allowed to proceed on September 2, 2020 in Bankruptcy Court.

Dated: July 29, 2020

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *_/s/ Isaiah Z. Weedn_*
ISAIAH Z. WEEDN
Attorneys for Appellee
MUFG UNION BANK, N.A.

**CERTIFICATE OF SERVICE**
**United States District Court, Northern District of California**
**Case No. 5:19-cv-08135-EJD**

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the above entitled action; my business address is 650 Town Center Drive, 10th Floor, Costa Mesa, California 92626.

On April 24, 2020, I served the following document(s) described as **MUFG UNION BANK, N.A.'S OPPOSITION TO DEFENDANTS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY OF BANKRUPTCY TRIAL** on the interested party(ies) in this action by CM/ECF Notice Of Electronic Filing. I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

***Attorneys for Robert Brower, Sr.; Coastal Cypress Corporation (California and Delaware); Wilfred "Butch" Lindley; Patricia Brower; Patricia Brower Trust; American Commercial Properties, Inc.***
Stephan A. Barber
JRG ATTORNEYS AT LAW
318 Cayuga Street
Salinas, CA 93901
Tel: 831.754.2444; Fax: 831.269.7089

***Attorneys for Richard Babcock and Anthony Nobles***
Babak Samini
THE SAMINI FIRM APC
2801 West Coast Highway, Suite 200
Newport Beach, CA 92663
bsamini@saminilaw.com
Tel: 949.724.0900

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed on July 29, 2020, at Costa Mesa, California.

*/s/ Carole Dubienny*
Carole Dubienny