UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br>ROBERT BROWER, SR.,<br>    Debtor.<br><br>ROBERT BROWER, SR. et al.,<br>    Appellants,<br>    v.<br>MUFG UNION BANK, N.A.,<br>    Appellee. | Case No. 5:19-cv-08135-EJD<br><br>**ORDER DENYING APPELLANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)**<br><br>Re: Dkt. No. 17 |

On June 15, 2020, this Court affirmed the United States Bankruptcy Court's order granting in part and denying in part Appellee MUFG Union Bank, N.A.'s motion for summary judgment. *See* Order Affirming United States Bankruptcy Court's Order ("June 2020 Order"), Dkt. 16. Appellants Robert Brower Sr. ("Brower"), Coastal Cypress Corporation, a California corporation, Coastal Cypress Corporation, a Delaware corporation, Wilfred "Butch" Lindley, Patricia Brower ("Patty"), the Patricia Brower Trust ("the Patty Trust"), American Commercial Properties, Inc. ("ACP"), Richard Babcock, and Anthony Nobles now move for an order for interlocutory appeal under 28 U.S.C. § 1292(b) to appeal the Court's June 2020 order. Having considered the Parties' papers, the Court **DENIES** Appellants' motion.

## I.   BACKGROUND

In 1980, Brower and Patty married and entered into a pre-nuptial agreement, which states that property acquired during the marriage is the separate property of the acquirer.[1]

In 1982, Brower formed Coastal Cypress Corporation ("Coastal") as a California corporation. Coastal issued 105,000 shares of stock in 1982—80,000 shares to Brower and 25,000 to Patty. In 1984, Patty received an additional 125,000 shares of Coastal stock, which were subsequently placed in the Patty Trust (which was created in 2015).

Until 2015, Coastal owned the real property at 8890 and 8940 Carmel Valley Road in Carmel, California. This property was a wine estate; it consisted of roughly 16-acres that included a wine tasting room, wine production facility, barrel aging room, offices, outdoor event venues, and vineyards. The Wine Estate Property was the former site of the Chateau Julien Wine Estate, which Brower oversaw for decades as President of Chateau Julien, Inc. ("CJ"), Great American Wineries, Inc., and Coastal.

In 1983, Brower formed ACP using money that he saved prior to his marriage with Patty. According to the property agreement with Patty, ACP was the sole and separate property of Brower. On November 8, 2000, however, Brower gifted all of the ACP stock to Patty as an anniversary gift. This was memorialized by: (i) a transfer of stock certificate, (ii) a notation in the ACP stock register, and (iii) a personal note and card from Brower to Patty. Patty later transferred ownership of the ACP shares into the Patty Trust.

In 1987, Coastal issued 335,000 shares to Chualar Canyon Ranch Supply, a company owned by Wilfred "Butch" Lindley. Lindley provided goods and services in exchange for the shares. In 2011, Coastal further issued 50,000 shares to Richard Babcock and 200,000 shares to Anthony Nobles, who paid a combined $250,000 for the shares.

In 2017, two years after Brower filed for bankruptcy, Coastal executed a merger ("Coastal Merger") and transformed from a California corporation to a Delaware corporation. Defendants

---

[1] The facts are taken from the Court's June 2020 Order.

exchanged their shares in the California corporation for new shares in the Delaware corporation. Appellants contend that Coastal's stock ownership is as follows: (1) Brower (as his sole and separate property) owns 230,000 shares (approximately 24%); (2) the Patty Trust owns 125,000 shares (approximately 13%); (3) Mr. Lindley owns 355,000 shares (approximately 37%); (4) Mr. Nobles owns 200,000 shares (approximately 21%); and (5) Mr. Babcock owns 50,000 shares (approximately 5%). However, the Bankruptcy Court determined that some of these stock transfers lacked consideration and, as a result, at least 57% of Coastal is the property of Brower's bankruptcy estate. The Bankruptcy Court held (and this Court affirmed) that:

- Appellant Lindley did not provide consideration to or for the benefit of Coastal in exchange for his purported 335,000 shares, rendering them void.
- 100% of Appellant ACP's shares are the property of Appellant Brower's bankruptcy estate because the purported transfer of these shares to Appellant Patty was not sufficient to transmute the shares into Patty's sole and separate property.
- As a result of these rulings, Appellant Brower owned at least 57% of Coastal's shares at the time of the post-bankruptcy-filing merger of Coastal (California) into Coastal (Delaware). Because no Bankruptcy Court approval was sought or granted, the merger was set aside as a violation of Bankruptcy Code § 549.

On July 15, 2020, Appellants filed a motion to certify the Court's July 2020 Order for interlocutory appeal. Motion to Certify Interlocutory Appeal and Stay of Bankruptcy Trial ("Mot."), Dkt. 17. Appellee filed an opposition to this motion on July 29, 2020. MUFG Union Bank, N.A.'s Opposition to Defendant's Motion to Certify ("Opp."), Dkt. 18.

## II.     DISCUSSION

In general, a party may appeal a district court's ruling only after the entry of final judgment. *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1022–23 (9th Cir. 1981). A district court may, in "extraordinary cases," certify a non-appealable order for interlocutory appeal if the order involves (1) a controlling question of law, (2) as to which there is substantial

ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); *see also Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Certification is inappropriate unless all three factors are met. *Couch*, 611 F.3d at 633. Notably, certification is <u>rare</u>. *See Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004). Indeed, "section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) (citation omitted).

Appellants contend that there are two issues which merit an interlocutory appeal:

1. Whether the California statute of limitations should be applied to bar Appellee's claims.
2. Whether certain Appellants satisfied the consideration requirements of the California Corporations Code.

The Court disagrees. Appellants do not establish that there are substantial grounds for a difference of opinion as to these two questions. A "substantial difference of opinion" is usually evidenced by a showing that "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point." *Couch*, 611 F.3d at 633. Moreover, in determining whether "'substantial ground for difference of opinion' exists under § 1292(b), there must be a genuine doubt as to the correct legal standard used in the order for the order to be granted certification under § 1292(b). *Knapp v. Hickman*, 2008 WL 905359, at *1 (E.D. Cal. Apr. 2, 2008). And, the fact that "settled law might be applied differently does not establish a substantial ground for difference of opinion" about a pure legal question. *Carillo v. Schneider Logistics Trans-Loading & Distrib., Inc.*, 2014 WL 1155403, at *3 (C.D. Cal. Mar. 21, 2014).

In their motion, Appellants contend that certification for interlocutory appeal is appropriate because there are "substantial grounds for difference of opinion" as to the application of the relevant statute of limitations and as to California law concerning adequate consideration for issuance of corporate shares. Yet, Appellants provide *no* case law showing that the standards governing the resolution of these questions are unclear. Rather, Appellants seem to argue that this

Case No.: 5:19-cv-08135-EJD
ORDER DENYING APPELLANTS' MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)
4

Court (and the Bankruptcy Court) misapplied the settled law. *See* Mot. at 11–12. That is insufficient to show that a "substantial grounds for difference of opinion" exists. *See Knapp*, 2008 WL 905359, at *1. Accordingly, because Appellants have not shown that there is dispute as to the proper standard governing the issues sought to be certified, the Court **DENIES** Appellants' motion to certify the Court's July 2020 Order for interlocutory appeal.

## III.   CONCLUSION

For the foregoing reasons, Appellants' motion to certify the Court's July 2020 Order for interlocutory appeal is **DENIED.**

**IT IS SO ORDERED.**

Dated: August 3, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-08135-EJD
ORDER DENYING APPELLANTS' MOTION TO CERTIFY ORDER FOR
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)
5