UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BROWER,<br><br>              Plaintiff,<br><br>     v.<br><br>MUFG UNION BANK, N.A.,<br><br>              Defendant. | Case No.  5:19-cv-08135-EJD<br><br>**ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL**<br><br>Re: Dkt. No. 20 |

Before the Court is JRG Attorneys at Law's ("Counsel") motion to be relieved as counsel of record for Appellants, Robert Brower, Sr., Coastal Cypress Corporation ("Coastal"), Wilfred "Butch" Lindley, Patricia Brower, and the Patricia Brower Trust. Dkt. No. 20. Counsel moves to be relieved on the grounds that Robert S. Brower, the former president of Coastal, is deceased. Declaration of Stephan A. Barber ("Barber Decl.") ¶ 3. According to Counsel, Coastal was the client directing Counsel's actions and paying for Counsel's services. *Id*. Moreover, Counsel asserts that there has been a change of ownership and control of Coastal and that the sole shareholder and officer of Coastal has failed to give directions to Counsel or pay for services after being requested to do so on multiple occasions. *Id*. There has also been a breakdown of communications between Counsel and all clients. *Id*. No opposition was filed in response to Counsel's motion.

**I.     LEGAL STANDARD**

"In California, an attorney may withdraw as counsel of record if a client's conduct renders it unreasonably difficult for the attorney to represent the client effectively." *California v. M & P Invs.*, CIV 00–2441 FCD/JFM, 2007 WL 3119666, at *1 (E.D. Cal. Oct. 23, 2007) (slip copy)

Case No.: 5:19-cv-08135-EJD
ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL

1

(citations omitted). "Moreover, California Rule of Professional Conduct 3–700(C)(f) provides that an attorney may request permission to withdraw if the client 'breaches an agreement or obligation to the member as to expenses or fees.'" *M & P*, 2007 WL 3119666, at *2 (citation omitted). Lastly, "in California, withdrawal is proper when the client's interest will not be unduly prejudiced or delayed." *M & P*, 2007 WL 3119666, at *2 (citation omitted).

**II. DISCUSSION**

It is clear that the professional relationship between the parties has broken down such that it would be difficult for Counsel to represent the Appellants effectively. Because the Court finds that the relationship between Counsel and Appellants is no longer effective to represent Appellants in this case, the Court **GRANTS** Counsel's motion to be relieved as counsel.

**IT IS SO ORDERED.**

Dated: March 4, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:19-cv-08135-EJD
ORDER GRANTING MOTION TO BE RELIEVED AS COUNSEL
2